MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
MAYRA JOANA MACAS, *individually and*
*on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** **29 U.S.C. § 216(b)** |
| OLIVE NAIL & SPA INC.  (D/B/A FLOWER NAIL & SPA), ESTHER LEE , PAUL LEE , and KYUNG SOON YI , | **ECF Case** |
| *Defendants.* | |

--------------------------------------------------------X

Plaintiff Mayra Joana Macas ("Plaintiff Macas" or "Ms. Macas"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Olive Nail & Spa Inc. (d/b/a Flower Nail & Spa), ("Defendant Corporation"), Esther Lee,  Paul Lee, and  Kyung Soon Yi, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.     Plaintiff Macas is a former employee of Defendants Olive Nail & Spa Inc. (d/b/a Flower Nail & Spa), Esther Lee, Paul Lee, and Kyung Soon Yi.

2.      Defendants own, operate, or control a salon, located at 1369 Madison Avenue, New York, New York 10128 under the name "Flower Nail & Spa".

3.      Upon information and belief, individual Defendants Esther Lee, Paul Lee, and Kyung Soon Yi, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the salon as a joint or unified enterprise.

4.   Plaintiff Macas was employed as a waxer, manicurist, pedicurist and masseuse at the salon located at 1369 Madison Avenue, New York, New York 10128.

5.   Plaintiff Macas was ostensibly employed as a waxer, manicurist, pedicurist and masseuse. However, she was required to spend a considerable part of her work day performing non-tipped duties, including but not limited to vacuuming the entire salon, washing towels, collecting used nail filer and buffs, cleaning the nail tools, cleaning bathrooms, cleaning the pedicure chairs, collecting and taking out the garbage, refilling the containers with cotton balls and lotions, cleaning the waxing room, cleaning the masseuse's room, sweeping, mopping, drying and folding sheets (hereafter the "non-tipped duties").

6.   At all times relevant to this Complaint, Plaintiff Macas worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that she worked.

7.   Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Macas appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.   Further, Defendants failed to pay Plaintiff Macas the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

9.   Furthermore, Defendants repeatedly failed to pay Plaintiff Macas wages on a timely basis.

10.   Defendants employed and accounted for Plaintiff Macas as a waxer, manicurist, pedicurist and masseuse in their payroll, but in actuality her duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.   Regardless, at all relevant times, Defendants paid Plaintiff Macas at a rate that was lower than the required tip-credit rate.

12.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Macas's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Macas's actual duties in payroll records by designating her as a waxer, manicurist, pedicurist and masseuse instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Macas at the minimum wage rate and enabled them to pay her at the tip-credit rate (which they still failed to do).

14.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Macas's and other tipped employees' tips and made unlawful deductions from Plaintiff Macas's and other tipped employees' wages.

15.     Defendants' conduct extended beyond Plaintiff Macas to all other similarly situated employees.

16.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Macas and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

17.     Plaintiff Macas now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

18.     Plaintiff Macas seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Macas's state law claims under 28 U.S.C. § 1367(a).

20.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a salon located in this district. Further, Plaintiff Macas was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

21.     Plaintiff Mayra Joana Macas ("Plaintiff Macas" or "Ms. Macas") is an adult individual residing in Queens County, New York.

22.     Plaintiff Macas was employed by Defendants at Flower Nail & Spa from approximately November 2015 until on or about November 3, 2018.

23.     Plaintiff Macas consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

24.     At all relevant times, Defendants owned, operated, or controlled a salon, located at 1369 Madison Avenue, New York, New York 10128 under the name "Flower Nail & Spa".

25.     Upon information and belief, Olive Nail & Spa Inc. (d/b/a Flower Nail & Spa) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1369 Madison Avenue, New York, New York 10128.

26.     Defendant Esther Lee is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Esther Lee is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Esther Lee possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Macas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     Defendant Paul Lee is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Paul Lee is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Paul Lee possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Macas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.     Defendant Kyung Soon Yi is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kyung Soon Yi is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Kyung Soon Yi possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Macas, establishes

the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

29.     Defendants operate a salon located in the Carnegie Hill section of Manhattan in New York City.

30.     Individual Defendants, Esther Lee, Paul Lee, and Kyung Soon Yi, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiff Macas's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Macas, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employed Plaintiff Macas (and all similarly situated employees) and are Plaintiff Macas's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiff Macas and/or similarly situated individuals.

35.     Upon information and belief, Individual Defendants Esther Lee, Paul Lee, and Kyung Soon Yi operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants were Plaintiff Macas's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Macas, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Macas's services.

37.     In each year from 2015 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the salon on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

39.     Plaintiff Macas is a former employee of Defendants who ostensibly was employed as a waxer, manicurist, pedicurist and masseuse. However, she spent over 20% of each shift performing the non-tipped duties described above.

40.     Plaintiff Macas seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Mayra Joana Macas*

41.     Plaintiff Macas was employed by Defendants from approximately November 2015 until on or about November 3, 2018.

42.     Defendants ostensibly employed Plaintiff Macas as a waxer, manicurist, pedicurist and masseuse.

43.     However, Plaintiff Macas was also required to spend a significant portion of her work day performing the non-tipped duties described above.

44.     Although Plaintiff Macas ostensibly was employed as a waxer, manicurist, pedicurist and masseuse, she spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

45.     Plaintiff Macas regularly handled goods in interstate commerce, such as cosmetic products and other supplies produced outside the State of New York.

46.     Plaintiff Macas's work duties required neither discretion nor independent judgment.

47.     Throughout her employment with Defendants, Plaintiff Macas regularly worked in excess of 40 hours per week.

48.     From approximately November 2015 until on or about November 3, 2018, Plaintiff Macas worked from approximately 10:00 a.m. until on or about 8:00 p.m., 4 days a week three weeks per month, from approximately 10:00 a.m. until on or about 8:00 p.m., 3 days a week one week per month, and from approximately 10:00 a.m. until on or about 8:30 p.m., 1 day a week one week per month (typically 40 to 40.5 hours per week).

49.     For two weeks during her employment, Plaintiff Macas worked approximately 10 hours per day, 5 days a week (typically 50 hours per week).

50.     From approximately November 2015 until on or about January 2018, Defendants paid Plaintiff Macas her wages in cash.

51.     From approximately January 2018 until on or about November 3, 2018, Defendants paid Plaintiff Macas her wages in a combination of check and cash.

52.     From approximately November 2015 until on or about January 2018, Defendants paid Plaintiff Macas a fixed salary of $240 per week.

53.     From approximately January 2018 until on or about November 3, 2018, Defendants paid Plaintiff Macas a fixed salary of $320 to $340 per week.

54.     Plaintiff Macas's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

55.     For example, Defendants required Plaintiff Macas to work an additional 30 minutes past her scheduled departure time one day per month, and did not pay her for the additional time she worked.

56.     Defendants never granted Plaintiff Macas any breaks or meal periods of any kind.

57.     Plaintiff Macas was never notified by Defendants that her tips were being included as an offset for wages.

58.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Macas's wages.

59.     Defendants withheld a portion of Plaintiff Macas's tips; specifically, Defendants withheld a portion of the credit card tips.

60.     Plaintiff Macas was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

61.     On a number of occasions, Defendants required Plaintiff Macas to sign a document, the contents of which she was not allowed to review in detail, in order to release her weekly pay.

62.     In addition, in order to get paid, Plaintiff Macas was required to sign a document in which Defendants misrepresented the hours that she worked and the tips she made per week.

63.     From approximately June 2018 until on or about November 3, 2018, no notification, either in the form of posted notices or other means, were given to Plaintiff Macas regarding overtime and wages under the FLSA and NYLL.

64.     Defendants did not provide Plaintiff Macas an accurate statement of wages, as required by NYLL 195(3).

65.     Defendants did not give any notice to Plaintiff Macas, in English and in Spanish (Plaintiff Macas's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

66.     Defendants required Plaintiff Macas to purchase "tools of the trade" with her own funds—including waxing tools.

*Defendants' General Employment Practices*

67.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Macas (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

68.     Plaintiff Macas was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

69.     Defendants' pay practices resulted in Plaintiff Macas not receiving payment for all her hours worked, and resulted in Plaintiff Macas's effective rate of pay falling below the required minimum wage rate.

70.    Defendants habitually required Plaintiff Macas to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

71.    Defendants required Plaintiff Macas and all other waxers and nail workers to perform general non-tipped tasks in addition to their primary duties as a waxer, manicurist, pedicurist and masseuse s.

72.    Plaintiff Macas and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

73.    Plaintiff Macas's duties were not incidental to her occupation as a tipped worker, but instead constituted entirely unrelated general salon work with duties, including the non-tipped duties described above.

74.    Plaintiff Macas and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

75.    However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Macas's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

76.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

77.    In violation of federal and state law as codified above, Defendants classified Plaintiff Macas and other tipped workers as tipped employees, and paid them at a rate that was lower than the required tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

- 11 -

78.     Defendants failed to inform Plaintiff Macas who received tips, that Defendants intended to take a deduction against Plaintiff Macas's earned wages for tip income, as required by the NYLL before any deduction may be taken.

79.     Defendants failed to inform Plaintiff Macas who received tips, that her tips were being credited towards the payment of the minimum wage.

80.     Defendants failed to maintain a record of tips earned by Plaintiff Macas who worked as a waxer, manicurist, pedicurist, and masseuse for the tips she received.

81.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Macas who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving a waxer, manicurist, pedicurist, and masseuse of a portion of the tips earned during the course of employment.

82.     Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Macas and other tipped employees, in violation of New York Labor Law § 196-d (2007).

83.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit or pay them the full hourly minimum wage.

84.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

85.     On a number of occasions, Defendants required Plaintiff Macas to sign a document the contents of which she was not allowed to review in detail.

86.     Defendants required Plaintiff Macas to sign a document that reflected inaccurate or false hours worked and tips received.

87.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Macas worked.

88.     Defendants paid Plaintiff Macas her wages in cash and in a combination of cash and check.

89.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

90.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Macas (and similarly situated individuals) worked, and to avoid paying Plaintiff Macas properly for her full hours worked.

91.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

92.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Macas and other similarly situated former workers.

93.     Defendants failed to provide Plaintiff  Macas and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

94.     Defendants failed to provide Plaintiff Macas and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of

the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by

the employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address

if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

95.      Plaintiff Macas brings her FLSA minimum wage, overtime compensation, and

liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b),

on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or

were employed by Defendants or any of them, on or after the date that is three years before the filing

of the complaint in this case (the "FLSA Class Period").

96.      At all relevant times, Plaintiff Macas and other members of the FLSA Class were

similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and

plans including willfully failing and refusing to pay them the required minimum wage, overtime pay

at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under

the FLSA, and willfully failing to keep records under the FLSA.

97.      The claims of Plaintiff Macas stated herein are similar to those of the other

employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

98.      Plaintiff Macas repeats and realleges all paragraphs above as though fully set forth

herein.

99.      At all times relevant to this action, Defendants were Plaintiff Macas's employers

within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power

to hire and fire Plaintiff Macas (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

100.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

101.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

102.    Defendants failed to pay Plaintiff Macas (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

103.    Defendants' failure to pay Plaintiff Macas (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

104.    Plaintiff Macas (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

105.    Plaintiff Macas repeats and realleges all paragraphs above as though fully set forth herein.

106.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Macas (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

107.    Defendants' failure to pay Plaintiff Macas (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

108.    Plaintiff Macas (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

109.     Plaintiff Macas repeats and realleges all paragraphs above as though fully set forth herein.

110.     At all times relevant to this action, Defendants were Plaintiff Macas's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Macas, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

111.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Macas less than the minimum wage.

112.     Defendants' failure to pay Plaintiff Macas the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

113.     Plaintiff Macas was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

114.     Plaintiff Macas repeats and realleges all paragraphs above as though fully set forth herein.

115.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Macas  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

116.     Defendants' failure to pay Plaintiff Macas overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

117.     Plaintiff Macas was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

118.      Plaintiff Macas repeats and realleges all paragraphs above as though fully set forth herein.

119.      Defendants failed to pay Plaintiff Macas one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Macas's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

120.      Defendants' failure to pay Plaintiff Macas an additional hour's pay for each day Plaintiff Macas's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

121.      Plaintiff Macas was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

122.      Plaintiff Macas repeats and realleges all paragraphs above as though fully set forth herein.

123.      Defendants failed to provide Plaintiff Macas with a written notice, in English and in Spanish (Plaintiff Macas's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

124.    Defendants are liable to Plaintiff Macas in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

125.    Plaintiff Macas repeats and realleges all paragraphs above as though fully set forth herein.

126.    With each payment of wages, Defendants failed to provide Plaintiff Macas with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

127.    Defendants are liable to Plaintiff Macas in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

128.    Plaintiff Macas repeats and realleges all paragraphs above as though fully set forth herein.

129.    Defendants required Plaintiff Macas to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

130.    Plaintiff Macas was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

131.    Plaintiff Macas repeats and realleges all paragraphs above as though fully set forth herein.

132.    At all relevant times, Defendants were Plaintiff Macas's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

133.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

134.    Defendants unlawfully misappropriated a portion of Plaintiff Macas's tips that were received from customers.

135.    Defendants knowingly and intentionally retained a portion of Plaintiff Macas's tips in violations of the NYLL and supporting Department of Labor Regulations.

136.    Plaintiff Macas was damaged in an amount to be determined at trial.

### TENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

137.    Plaintiff Macas repeats and realleges all paragraphs above as though set forth fully herein.

138.    Defendants did not pay Plaintiff Macas on a regular weekly basis, in violation of NYLL §191.

139.    Defendants are liable to Plaintiff Macas in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Macas respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Macas and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Macas and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Macas's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Macas and the FLSA Class members;

(f)     Awarding Plaintiff Macas and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Macas and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Macas;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Macas;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Macas;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Macas;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Macas's compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Macas;

(n)     Awarding Plaintiff Macas damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiff Macas damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Macas liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Macas and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Macas and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)      All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff Macas demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
November 13, 2018

Michael Faillace & Associates, P.C.

By:        /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 8, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                      Mayra Joana Macas
Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:                  _Mayra Macas_

Date / Fecha:                       8 de noviembre de 2018

*Certified as a minority-owned business in the State of New York*