# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, 4510
New York, New York 10165

gnaydenskiy@faillacelaw.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

November 30, 2020

<u>**VIA ECF**</u>

Hon. Edgardo Ramos
United States Courthouse
40 Foley Square
New York, NY 10007-1312

Re:   <u>Mayra Joana Macas v. Olive Nail & Spa Inc. et al.</u>
Case No. 18-cv-10525-ER

Dear Judge Ramos:

     This office represents Plaintiff in the above referenced matter. The parties have agreed to a settlement ("Agreement") after attending a mediation. A copy of the FLSA Agreement is attached hereto as Exhibit A. We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and to retain jurisdiction of the matter.

## BACKGROUND

     Plaintiff filed his Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

## SETTLEMENT TERMS

Plaintiff alleges he would be entitled to back wages of approximately $22,283.50 as his best case scenario. In order to avoid the legal and factual risks of protracted litigation, the parties have agreed to settle this action early on, for the total sum of $25,000. A copy of Plaintiffs' best case damages chart, breaking down each amount sought from Defendants, is attached as Exhibit B.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $8,742 which consists of 1) Costs in the amount of $613 subtracted from the $25,000 settlement amount and one third of the remainder which equals to $8,129 plus 2) costs in the amount of $613.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $8,720 in attorneys' fees, making the fee counsel will receive under the agreement reasonable in light of their lodestar. The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

i.       Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on hourly basis.  Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).   Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's work is indicated by the initials "MF."

ii.       Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December  2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. My regular billing rate of $350 per hour is reflected in Exhibit C with my initials "GN."

iii.       Finn Dusenbery was an associate at Michael Faillace & Associates, P.C. He graduated from Brooklyn Law School in 2012. Following law school, he worked as a solo practitioner for about five years, mainly representing employees in wage and hour and discrimination cases. Subsequently, Finn worked for a plaintiffs'-side wage and hour class action firm from 2018 to 2019 and then joined Michael Faillace & Associates, P.C. His work is billed at $350 per hour and indicated by the initials "FD." [1]

These rates are reasonable given the experience of the attorneys in wage and hour matters,

and their performance in this case.  *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-

cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding

requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding

---

[1] Additionally, Paralegal time marked as "PL" is billed at $100 an hour.

they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.


Respectfully Submitted,

/s/ Gennadiy Naydenskiy

Gennadiy Naydenskiy

Encls.

# EXHIBIT A

MAYRA JOANA MACAS, *individually and on behalf of others similarly situated,*

        *Plaintiff,*

        -against-

OLIVE NAIL & SPA INC. (D/B/A FLOWER NAIL & SPA), ESTHER LEE, PAUL LEE, and KYUNG SOON YI,

        *Defendants.*

**Case No. 18-cv-10525**

**SETTLEMENT AGREEMENT**
**AND**
**RELEASE**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Mayra Joana Macas ("Plaintiff Macas") on the one hand, Olive Nail & Spa Inc. (d/b/a Flower Nail & Spa), and Sul Esther Kim (wrongfully identified in the caption as "Esther Lee"), and Paul Kim (wrongfully identified in the caption as "Paul Lee")(collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Macas alleges that she worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Macas's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York District of New York, Civil Action No: 18-cv-10525 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff Macas, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and satisfaction of any and all claims that Plaintiff Macas at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement including all counsel fees and costs incurred by Plaintiff Macas, the gross sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) (the "Settlement Amount") to be paid in twelve (12) monthly installments. Payments for Plaintiff Macas and Plaintiff's Counsel

shall be subject to 1099 reporting. Payments will be distributed in twelve monthly installments, with each installment to be paid as follows in paragraph (1) (a) below:

(a)     One post-dated check in the amount of One Thousand Three Hundred Fifty-Four Dollars and Eighty-Three Cents ($1,354.83) made payable to Mayra Joana Macas; one post-dated check in the amount of Seven Hundred Twenty-Eight Dollars and Fifty Cents ($728.50) made payable to Michael A. Faillace Esq., as attorney delivered to Plaintiff Macas's counsel subject to 1099 reporting.

All of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165 on the date that the first installment is due ("delivery deadline"). Failure to deliver said checks shall constitute a default under the Agreement. The first installment shall be due within fifteen (15) days following Court approval of this Agreement, and each installment thereafter shall be due thirty (30) days after the prior installment.

Concurrently with the execution of this Agreement, Olive Nail & Spa Inc. (d/b/a Flower Nail & Spa), and Sul Esther Kim (wrongfully identified in the caption as "Esther Lee"), and Paul Kim (wrongfully identified in the caption as "Paul Lee"), shall each execute and deliver to Plaintiff Macas's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits A-C respectively. The Parties hereby acknowledge and agree that the Confessions of Judgment will be held in escrow by Plaintiff Macas's counsel and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Jian Hang, Hang & Associates, PLLC, 136-20 38th Avenue, Ste 10G, Flushing, NY 11354. Any such Notice of Default shall be deemed received on the first business day after it is mailed, in accordance with paragraph 6.

2.     <u>Release and Covenant Not To Sue</u>:  Plaintiff Macas hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff Macas at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3.     <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.     <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Macas and Defendants.

5.     Acknowledgments:    Plaintiff Macas and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.     Notices:     Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Macas:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Jian Hang, Esq.
Hang & Associates, PLLC
136-20 38th Ave, Ste 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: jhang@hanglaw.com

7.     Governing Law:    This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.     Enforceability:  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Macas agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.     Release Notification:  Defendants advised Plaintiff Macas to discuss the terms of this Agreement and release of claims with her legal counsel and Plaintiff Macas acknowledges that she has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff

Macas acknowledges that it is her choice to waive any potential claims in return for the benefits set forth herein and that she made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with her attorneys. Plaintiff Macas confirms that this Settlement Agreement and Release has been translated to her in Spanish and that she understands the terms of this Agreement and that she is signing this Agreement voluntarily.

      10.   <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile or electronic transmission. Fax or PDF copies shall be deemed originals.

<u>PLAINTIFF:</u>

By: **Mayra Joana Macas**      Date: May 13, 2020
    MAYRA JOANA MACAS

<u>DEFENDANTS:</u>

*Defendant Corporation*

By: _____      Date: _____
    OLIVE NAIL & SPA INC. (D/B/A FLOWER NAIL & SPA)

*Individual Defendants*

By: _____      Date: _____ SUL
ESTHER KIM
    *wrongfully identified in the caption*
*as "Esther Lee"*
By: _____      Date: _____
    PAUL KIM
    *wrongfully identified in the caption*
    *as "Paul Lee"*

Flower Nail & Spa), Sul Esther Kim , and Paul Keyohoon Kim (collectively, "Defendants"), on the other hand, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff for the sum of THIRTY-SEVEN THOUSAND FIVE HUNDRED DOLLARS ($37,500), less any monies paid by Defendants pursuant to the Settlement Agreement.

3.      This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000) to Plaintiff.  The amount of this affidavit of confession of judgment represents the settlement amount of $25,000 plus liquidated damages of $12,500..

4.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $37,500 (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, Paul Kim. .

_____
Paul Keyohoon Kim


Sworn to before me this
_____ day of _____ 2020


_____
Notary Public

**Signature:** _Mayra M_
Mayra Macas (May 13, 2020)

**Email:** mayramacas25@gmail.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MAYRA JOANA MACAS, *individually and on behalf of others similarly situated,* | Case No. 18-cv-10525 |
| *Plaintiff,* | SETTLEMENT AGREEMENT AND <u>RELEASE</u> |
| -against- | |
| OLIVE NAIL & SPA INC. (D/B/A FLOWER NAIL & SPA), ESTHER LEE, PAUL LEE, and KYUNG SOON YI, | |
| *Defendants.* | |

    This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Mayra Joana Macas ("Plaintiff Macas") on the one hand, Olive Nail & Spa Inc. (d/b/a Flower Nail & Spa), and Sul Esther Kim (wrongfully identified in the caption as "Esther Lee"), and Paul Kim (wrongfully identified in the caption as "Paul Lee")(collectively, "Defendants"), on the other hand.

    WHEREAS, Plaintiff Macas alleges that she worked for Defendants as an employee; and

    WHEREAS, a dispute has arisen regarding Plaintiff Macas's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York District of New York, Civil Action No: 18-cv-10525 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

    WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Macas, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and satisfaction of any and all claims that Plaintiff Macas at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement including all counsel fees and costs incurred by Plaintiff Macas, the gross sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) (the "Settlement Amount") to be paid in twelve (12) monthly installments. Payments for Plaintiff Macas and Plaintiff's Counsel

shall be subject to 1099 reporting. Payments will be distributed in twelve monthly installments, with each installment to be paid as follows in paragraph (1) (a) below:

(a)       One post-dated check in the amount of One Thousand Three Hundred Fifty-Four Dollars and Eighty-Three Cents ($1,354.83) made payable to Mayra Joana Macas; one post-dated check in the amount of Seven Hundred Twenty-Eight Dollars and Fifty Cents ($728.50) made payable to Michael A. Faillace Esq., as attorney delivered to Plaintiff Macas's counsel subject to 1099 reporting.

All of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165 on the date that the first installment is due ("delivery deadline"). Failure to deliver said checks shall constitute a default under the Agreement.  The first installment shall be due within fifteen (15) days following Court approval of this Agreement, and each installment thereafter shall be due thirty (30) days after the prior installment.

Concurrently with the execution of this Agreement, Olive Nail & Spa Inc. (d/b/a Flower Nail & Spa), and Sul Esther Kim (wrongfully identified in the caption as "Esther Lee"), and Paul Kim (wrongfully identified in the caption as "Paul Lee"), shall each execute and deliver to Plaintiff Macas's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits A-C respectively. The Parties hereby acknowledge and agree that the Confessions of Judgment will be held in escrow by Plaintiff Macas's counsel and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, <u>and</u> (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Jian Hang, Hang & Associates, PLLC, 136-20 38th Avenue, Ste 10G, Flushing, NY 11354.  Any such Notice of Default shall be deemed received on the first business day after it is mailed, in accordance with paragraph 6.

2.       <u>Release and Covenant Not To Sue</u>:  Plaintiff Macas hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives  and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff Macas at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3.       <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.       <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Macas and Defendants.

5.    Acknowledgments:    Plaintiff Macas and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.    Notices:    Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:


To Plaintiff Macas:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Jian Hang, Esq.
Hang & Associates, PLLC
136-20 38th Ave, Ste 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: jhang@hanglaw.com

7.    Governing Law:    This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.    Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Macas agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.    Release Notification: Defendants advised Plaintiff Macas to discuss the terms of this Agreement and release of claims with her legal counsel and Plaintiff Macas acknowledges that she has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff

Macas acknowledges that it is her choice to waive any potential claims in return for the benefits set forth herein and that she made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with her attorneys. Plaintiff Macas confirms that this Settlement Agreement and Release has been translated to her in Spanish and that she understands the terms of this Agreement and that she is signing this Agreement voluntarily.

10. _Counterparts_: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile or electronic transmission. Fax or PDF copies shall be deemed originals.

PLAINTIFF:

By: _____     Date: _____
   MAYRA JOANA MACAS


DEFENDANTS:

_Defendant Corporation_

By: _____     Date: 4/2/2020.
   OLIVE NAIL & SPA INC. (D/B/A FLOWER NAIL & SPA)

_Individual Defendants_

By: _____     Date: 4/2/2020.
SUL ESTHER KIM
   _wrongfully identified in the caption_
   _as "Esther Lee"_
By: _____     Date: 4/2/2020.
   PAUL KIM
   _wrongfully identified in the caption_
   _as "Paul Lee"_

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MAYRA JOANA MACAS,

    *Plaintiff,*

    -against-

OLIVE NAIL & SPA INC. (D/B/A
FLOWER NAIL & SPA) SUL ESTHER
KIM, and PAUL KEYOHOON KIM,

    *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.:

**AFFIDAVIT OF CONFESSION OF
JUDGMENT**

STATE OF NEW YORK )
       : ss.:
COUNTY OF NEW YORK )

  1.  I reside in _Queens_ County.

  2.  I, _Sul E. Kim_, am the _president_ of Olive Nail & Spa Inc. (d/b/a Flower Nail &
Spa). I am duly authorized to make this affidavit of confession of judgment on behalf of Olive
Nail & Spa Inc. (d/b/a Flower Nail & Spa).

  3.  Olive Nail & Spa Inc. (d/b/a Flower Nail & Spa), maintains its principal place of
business in _New York_ County at _1369 Madison Ave. New York 10128._

  4.  Pursuant to the terms of the Settlement Agreement and Release by and between
Plaintiff Mayra Joana Macas ("Plaintiff Macas") on the one hand, Olive Nail & Spa Inc. (d/b/a
Flower Nail & Spa) Sul Esther Kim , and Paul Keyohoon Kim (collectively, "Defendants"), on the
other hand, to which this Affidavit is annexed, I hereby confess judgment and authorize entry
thereof in the Supreme Court of the State of New York against Olive Nail & Spa Inc. (d/b/a Flower
Nail & Spa) in favor of Plaintiff for the sum of THIRTY-SEVEN THOUSAND FIVE-HUNDRED
DOLLARS ($37,500), less any monies paid by Defendants pursuant to the Settlement Agreement.

  5.  This affidavit of confession of judgment is for a debt justly due to Plaintiff under
the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that
Defendants are to submit a total sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000)
to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement
amount of $25,000 plus liquidated damages of $12,500.

  6.  This affidavit is made upon good and valuable consideration, the sufficiency of

which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $37,500 (less any amounts already paid to Plaintiff pursuant to the above schedule, against Olive Nail & Spa Inc. (d/b/a Flower Nail & Spa).

Olive Nail & Spa Inc. (d/b/a Flower Nail & Spa)

By: _____

Title: President

STATE OF New York )
County of Queens : ss.:

On April 6 , 2020, before me personally came Sul Esther Kim, to me known, who, by me duly sworn, did depose and say that deponent resides at 1369 Madison Ave New York NY, 10128 that deponent is the President of Olive Nail & Spa Inc. (d/b/a Flower Nail & Spa), the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Olive Nail & Spa Inc. (d/b/a Flower Nail & Spa) and was authorized to do so.

_____
Notary Public

GE QU
NOTARY PUBLIC-STATE OF NEW YORK
No. 02QU6399058
Qualified in Queens County
My Commission Expires 10-15-2023

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK

------------------------------------x

MAYRA JOANA MACAS,

        *Plaintiff,*

        -against-

OLIVE NAIL & SPA INC. (D/B/A
FLOWER NAIL & SPA) and ESTHER
LEE, PAUL LEE, and KYUNG SOON YI,
SUL ESTHER KIM,

        *Defendants.*

------------------------------------x

**Index No.:**

**<u>AFFIDAVIT OF CONFESSION OF
JUDGMENT</u>**

STATE OF NEW YORK   )
                  : ss.:
COUNTY OF Queens   )

1.     I, Sul Esther Kim, reside in _Queens_ County.

2.     Pursuant to the terms of the Settlement Agreement and Release by and between Plaintiff Mayra Joana Macas ("Plaintiff Macas") on the one hand, Olive Nail & Spa Inc. (d/b/a Flower Nail & Spa), Sul Esther Kim , and Paul Keyohoon Kim (collectively, "Defendants"), on the other hand, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff for the sum of THIRTY-SEVEN THOUSAND FIVE HUNDRED DOLLARS ($37,500), less any monies paid by Defendants pursuant to the Settlement Agreement.

3.     This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000) to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount of $25,000 plus liquidated damages of $12,500.

4.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $37,500 (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, Sul Esther Kim.

_____
Sul Esther Kim

Sworn to before me this
____ day of ___April_____ 2020

_____
Notary Public

GE QU
NOTARY PUBLIC-STATE OF NEW YORK
No. 02QU6399058
Qualified in Queens County
My Commission Expires 10-15-2023


EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

MAYRA JOANA MACAS,

        *Plaintiff,*

        -against-

OLIVE NAIL & SPA INC. (D/B/A
FLOWER NAIL & SPA), SUL ESTHER
KIM, and PAUL KEYOHOON KIM,

        *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - x

**Index No.:**

**AFFIDAVIT OF CONFESSION OF
JUDGMENT**

STATE OF NEW YORK    )
       Queens    : ss.:
COUNTY OF ~~NEW YORK~~    )

1.    I, Paul Keyohoon Kim, reside in _Queens_ County.

2.    Pursuant to the terms of the Settlement Agreement and Release by and between Plaintiff Mayra Joana Macas ("Plaintiff Macas") on the one hand, Olive Nail & Spa Inc. (d/b/a Flower Nail & Spa), Sul Esther Kim , and Paul Keyohoon Kim (collectively, "Defendants"), on the other hand, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff for the sum of THIRTY-SEVEN THOUSAND FIVE HUNDRED DOLLARS ($37,500), less any monies paid by Defendants pursuant to the Settlement Agreement.

3.    This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000) to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount of $25,000 plus liquidated damages of $12,500.

4.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $37,500 (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, Paul Kim.

_Paul Keyohoon Kim_

Sworn to before me this
9th day of April 2020

Notary Public

GE QU
NOTARY PUBLIC-STATE OF NEW YORK
No. 02QU6399058
Qualified in Queens County
My Commission Expires 10-15-2023

# EXHIBIT B

| Plaintiff | Pay Period From | To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT | Liq. Damages on Wages & OT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Mayra Joana Macas | | | | | | | | | | | | | | |
| | 8/1/2016 | 12/30/2016 | 22 | 40.25 | 1 | $ 5.96 | $ 8.94 | $ 9.00 | $ 13.50 | $ 363.38 | $ 240.00 | $ 123.38 | $ 2,714.25 | $ 2,714.25 |
| | 12/31/2016 | 12/30/2017 | 52 | 40.25 | 1 | $ 5.96 | $ 8.94 | $ 11.00 | $ 16.50 | $ 444.13 | $ 240.00 | $ 204.13 | $ 10,614.50 | $ 10,614.50 |
| | 12/31/2017 | 10/20/2018 | 42 | 40.25 | 1 | $ 8.20 | $ 12.30 | $ 13.00 | $ 19.50 | $ 524.88 | $ 330.00 | $ 194.88 | $ 8,184.75 | $ 8,184.75 |
| | 10/21/2018 | 11/3/2018 | 2 | 50 | 0 | $ 6.60 | $ 9.90 | $ 13.00 | $ 19.50 | $ 715.00 | $ 330.00 | $ 385.00 | $ 770.00 | $ 770.00 |
| | | | | | | | | | | | Total: | | $ 22,283.50 | $ 22,283.50 |

1 This chart is based upon preliminary information and the expected testimony of Plaintiffs.
2 Plaintiffs reserve the right to correct or amend this chart.
3 This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL.

| Plaintiff | Pay Period From | To | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Tools of Trade | Total Per Period |
|---|---|---|---|---|---|---|---|---|---|---|
| **Mayra Joana Macas** | 8/1/2016 | 12/30/2016 | $ 198.00 | $ 198.00 | | | $ 592.42 | $ 43.22 | | $ 6,460.14 |
| | 12/31/2016 | 12/30/2017 | $ 572.00 | $ 572.00 | | | $ 1,640.20 | $ 88.39 | | $ 24,101.59 |
| | 12/31/2017 | 10/20/2018 | $ 546.00 | $ 546.00 | | | $ 599.76 | $ 40.01 | | $ 18,101.27 |
| | 10/21/2018 | 11/3/2018 | $ - | $ - | | | $ 27.19 | $ - | | $ 1,567.19 |
| | | | **$ 1,316.00** | **$ 1,316.00** | **$ -** | **$ -** | **$ 2,859.57** | **$ 171.61** | **$ -** | **$ 32,128.91** |
| | | | **Filing Date** | | **11/13/2018** | | | | | |
| | | | **FLSA** | | **11/13/2015** | | | | | |
| | | | **NYLL** | | **11/13/2012** | | | | | |
| | | | **Amendment** | | **4/9/2011** | | | | | |
| | | | **Today** | | **3/19/2019** | | | | | |

# EXHIBIT C

Mayra  Macas                                                November 30, 2020


|  |  |
|---|---|
| File #: | FlowerNail |
| **Attention:** | Inv  #:  1234 |

**RE:**     Macas et al v. Olive Nail & Spa Inc. et al; 18-cv-10525-ER

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Nov-05-18 | interviewed new client and advised herm of her rights and obligagions.  Sent intake to Ana with instructions as to the documents she has to prepare to start the litigation | 0.90 | 405.00 | MF |
| Nov-13-18 | reviewed and corrected complaint;  discussed language used in the complaint with SC | 1.70 | 765.00 | MF |
| Nov-14-18 | reviewed complaint filed in court;  directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| Nov-15-18 | reviewed court notices of appointment of judge and magistrate;  directed staff to update case chart ;  filed notices in the proper folder for future reference | 0.40 | 180.00 | MF |
| Nov-16-18 | Research for service | 0.50 | 50.00 | MF |
|  | reviewed court notice of appearance of plaintiff's counsel ;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.20 | 90.00 | MF |
| Dec-06-18 | reviewed court notice of appearance of opposing counsel;  directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.20 | 90.00 | MF |

|  |  |  |  |  |
|---|---|---|---|---|
|  | reviewed proposed stip and order filed in court; directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| Dec-07-18 | reviewed court order adopting stip and order granting defendants 45 day extension of time to answer complaint;  directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.20 | 90.00 | MF |
| Dec-10-18 | reviewed court order referring the case to mediation;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
| Dec-26-18 | prepared    initial damages chart | 1.50 | 675.00 | MF |
| Jan-04-19 | reviewed court order and mediation office email of assignment `of mediator and setting deadline for setting the mediation schedule;  directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| Jan-14-19 | reviewed court notice of appearance of opposing counsel;  directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.20 | 90.00 | MF |
| Jan-21-19 | reviewed answer to  complaint and corporate disclosure filed by defendants in court;  directed staff to  respond to motion and update case chart ;  filed notice  in the proper folder for future reference | 0.40 | 180.00 | MF |
| Feb-06-19 | reviewed court order scheduling  mediation;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.20 | 90.00 | MF |
| Feb-20-19 | reviewed court order rescheduling  mediation;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.20 | 90.00 | MF |
| Mar-13-19 | worked in the preparation of the mediation letter ;  reviewed and corrected second draft of the letter | 1.50 | 675.00 | MF |
| Mar-19-19 | Prepared client for mediation | 1.70 | 765.00 | MF |
|  | prepared revised damages chart for the mediation | 1.90 | 855.00 | MF |

| | | | | |
|---|---|---|---|---|
| Mar-20-19 | discussed what occurred at the mediation with Ph | 0.30 | 135.00 | MF |
| Apr-18-19 | phone call to client to discuss settlement | 0.10 | 10.00 | PL |
| May-03-19 | met with client and discussed what is the plan of action in the case  now that the mediation was unsuccessful | 0.70 | 315.00 | MF |
| May-08-19 | phone call with client to discuss settlement | 0.10 | 10.00 | PL |
| May-14-19 | reviewed mediator's report that mediation  did occur and it was unsuccessful; directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.20 | 90.00 | MF |
| Oct-28-19 | Drafted settlement agreement | 0.60 | 165.00 | FD |
| Oct-29-19 | Drafted settlement agreement | 0.70 | 0.00 | FD |
| Nov-14-19 | Revised settlement agreement | 0.40 | 110.00 | FD |
| Nov-21-19 | Revised settlement agreement | 0.60 | 165.00 | FD |
| Nov-22-19 | worked on the drafting of the settlement agreement | 1.80 | 810.00 | MF |
| Dec-10-19 | reviewed court notice of appearance of plaintiff's counsel ;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.10 | 45.00 | MF |
| | discussed terms of settlement with client | 0.80 | 360.00 | MF |
| Jan-06-20 | reviewed court notice of appearance of defense's counsel ;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.20 | 90.00 | MF |
| Jul-15-20 | discuss status w/ mf and pl | 0.10 | 35.00 | GN |
| Jul-16-20 | reply to opposing counsel email re: release | 0.10 | 35.00 | GN |
| | telephone call w/ mf | 0.10 | 35.00 | GN |

|  |  |  |  |  |
|---|---|---|---|---|
|  | telephone call w/ opposing counsel re: sett | 0.10 | 35.00 | GN |
| Sep-22-20 | text w/ pl re: cl update | 0.10 | 35.00 | GN |
|  | client called for an update, messaged GN | 0.10 | 12.50 | PL |
| Sep-24-20 | discuss update w/ pl | 0.10 | 35.00 | GN |
|  | discussed case with GN re settlemets | 0.10 | 12.50 | PL |
| Sep-30-20 | client called for an update | 0.10 | 12.50 | PL |
| Oct-06-20 | draft fairness motion to compell, review case file and docket, email paralegals | 0.90 | 315.00 | GN |
| Oct-07-20 | continue edit and review of fairness motion | 0.50 | 175.00 | GN |
| Oct-12-20 | email w/ mf re: next steps | 0.10 | 35.00 | GN |
| Oct-15-20 | reviewed  mfs and gns email re: time, pc law | 0.10 | 12.50 | PL |
|  | Totals | 22.00 | $8,720.00 |  |

**DISBURSEMENTS**

|  |  |  |
|---|---|---|
|  | Filing Fee | 400.00 |
| Nov-19-18 | Process Server - service on Olive Nail & Spa Inc. | 63.00 |
| Nov-28-18 | Process Server - service on Esther Lee, Paul Lee, and Kyung Soon Yi | 150.00 |
|  | Totals | $613.00 |

**Total Fee & Disbursements**                                                    **$9,333.00**

**Balance Now Due**                                                                **$9,333.00**