UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

MAYRA JOANA MACAS, *individually and on behalf of all others similarly situated*,

                    Plaintiff,

– against –

OLIVE NAIL & SPA INC., *et al.*,

                    Defendants.

**ORDER**
18 Civ. 10525 (ER)

RAMOS, D.J.:

      Plaintiff Macas brought this action in November 2018 against Olive Nail & Spa Inc., Esther Lee, Paul Lee, and Kyung Soon Yi (collectively "Defendants") for violations of minimum wage and overtime provisions under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); and violations of various provisions of NYLL including spread of hours, notice, recordkeeping and wage statement requirements. Compl., Doc. 1. Pending before the Court is the parties' application for court approval of their Settlement Agreement. Doc. 27.

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

### I.     Damages and Attorneys' Fees

In Plaintiff's application for settlement approval, she estimates that if she were to fully recover on these claims, she would be owed $22,283.50 in back wages. In support, Plaintiff attaches a spreadsheet showing the calculation of such back wages. Ex. B. However, this spreadsheet also shows the calculation of additional damages that are *not* included with the $22,283.50 figure, such as liquidated damages, spread of hours pay, and prejudgment interest. *Id.* Thus, it would appear that Plaintiff's maximum recovery is actually higher than the $22,283.50 figure cited in her letter.[1] Because of this discrepancy, Court cannot sufficiently assess how the parties arrived at the settlement figure. *See Nights of Cabiria*, 96 F. Supp. 3d at 176–77. "In the absence of such information, the Court cannot discharge its duty to ensure that the proposed settlement is fair and reasonable. It may be that the proposed settlement would merit approval in light of a more complete record. As it stands, however, the current submission is inadequate." *Id.* at 177.

The Court finds, however, that the rest of the settlement is fair and reasonable. Plaintiff indicates that that she would receive about $16,258.00 from the settlement fund, and her counsel would receive $8,742.00, which represents roughly one-third of the total settlement amount. "[C]ourts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases. Nonetheless, even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the

---

[1] The Court also notes that the second page of the spreadsheet appears to list a figure of $32,128.91 as the sum of four numbers that in fact add up to $50,230.19.

reasonableness of attorneys' fees." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted).

"The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)). Here, the plaintiffs have submitted the billing records for their attorneys, whose rates range from $350-450 per hour. *See* Ex. C. Although the attorneys' rates "are on the high end of what is typical in FLSA cases," *Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647 (AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016), they are within the range of reasonable hourly rates for similarly experienced attorneys, *see Rodriguez v. 3551 Realty Co.*, No. 17 Civ. 6553, 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (stating that although hourly rates of $450 for partners and $350 for associates "are somewhat higher than the presumptively reasonable rates in this District, they are not beyond the pale"); *Redzepagic v. Hammer*, No. 14 Civ. 9808 (ER), 2017 WL 1951865, at *2 n.2 (S.D.N.Y. May 8, 2017) (approving rate of $500 per hour for a named partner). These rates, and the 22 hours of work reasonably spent on this case, yield a lodestar of $9,333.00. Costs total $613.00.

The lodestar of $9,333.00, compared to the requested $8,742.00 of the settlement net of costs, results in a lodestar multiplier (net of fees) of approximately 0.9. "[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of 0.9 and determines $8,742 in attorneys' fees to be reasonable under the circumstances. The requested costs of $613.00 are also reasonable.

**II.    Plaintiff's Obligations**

With respect to the Plaintiff's obligations under the Agreement, they include no objectionable confidentiality provisions, and their release appropriately discharges only claims under FLSA, the NYLL, and related regulations and statutes. Doc. 27; *see Nights of Cabiria*, 96 F. Supp. 3d at 177–81.

### III.     Conclusion

The Court will not approve the settlement unless the parties correct the deficiency identified above.  The parties may proceed in one of the following ways:

- Submit a revised agreement to the Court on or before **December 16, 2020**.  The submission shall provide the full basis for Plaintiff's range of recovery, as described in this Order.

- File a joint letter on or before **December 16, 2020**, that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set a date for a pre-trial conference.

- Stipulate to dismissal of the case *without* prejudice, which the Court need not approve under current Second Circuit case law.  *See Cheeks*, 796 F.3d at 201 n.2.

It is SO ORDERED.

Dated:    December 9, 2020
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.