UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAYRA JOANA MACAS, *individually and on behalf of all others similarly situated*,

            Plaintiff,

– against –

OLIVE NAIL & SPA INC., *et al.*,

            Defendants.

**ORDER**

18 Civ. 10525 (ER)

Ramos, D.J.:

      Plaintiff Macas brought this action in November 2018 against Olive Nail & Spa Inc., Esther Lee, Paul Lee, and Kyung Soon Yi for violations of minimum wage and overtime provisions under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); and violations of various provisions of NYLL including spread of hours, notice, recordkeeping and wage statement requirements. Compl., Doc. 1. Pending before the Court is the parties' renewed application for court approval of their Settlement Agreement. Doc. 29.

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).  Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or where the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases.  *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

The parties previously submitted a proposed settlement agreement that the Court rejected on December 9, 2020.  Doc. 28.  While the Court found that the proposed attorneys' fees and plaintiffs' obligations were reasonable, the Court could not sufficiently assess how the parties arrived at the settlement figure.  *Id.*  Plaintiff now submits records showing Plaintiff's rate of pay and wages owed, as well as an estimate of additional money owed for unpaid spread of hours pay, liquidated damages and prejudgment interest.  *See* Doc. 29 Ex. A.  The proposed settlement constitutes approximately 46% of the maximum possible recovery.  Doc. 29 at 1.  The parties have indicated a preference to settle this matter before the discovery period to avoid the expenses and risks of protracted litigation.  Doc. 27 at 2.  The Court accordingly finds that this settlement amount is fair and reasonable under the circumstances.  *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 07228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that the settlement amount reflected a "reasonable compromise of disputed issues").

The Court finds that the proposed Agreement complies with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and approves the Agreement.  The Court hereby dismisses the case with prejudice.  The clerk of court is respectfully directed to close the case.

It is SO ORDERED.

Dated:   December 29, 2020
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.